## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **13-01562-hb**

## Order

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**06/12/2013**



US Bankruptcy Judge
District of South Carolina

Entered: 06/13/2013

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 13-01562-HB |
| | Chapter 13 |
| Paul Allen Bauer, | **ORDER** |
| Debtor(s). | |

**THIS MATTER** comes before the Court for consideration of Chapter 13 Trustee

William K. Stephenson's ("Trustee") Objection to Exemption and related pleadings.[1]   The

Debtor, Paul Allen Bauer ("Bauer") claimed an exemption in an IRA inherited from his mother.

A hearing to consider confirmation of the proposed Chapter 13 plan was before the Court at the

same time.

The parties stipulated at the hearing that there is no dispute as to the facts of this case.

Bauer filed a petition for Chapter 13 protection in this Court on March 15, 2013.  Bauer has lived

in South Carolina since May of 2012, when he moved here from Indiana.   Prior to his

bankruptcy, Bauer inherited an IRA from his mother. He claimed an exemption on his Schedule

C, listing the asset as "Genworth Financial IRA."  The inherited IRA is valued at $40,179.39 and

the schedules indicate that beginning in November of 2012, Bauer received $582.31 from the

IRA per month, and that this payment will continue for sixty-nine months.  Bauer claimed an

exemption pursuant to 11 U.S.C. § 522(d)(12)[2] which provides for exemption of "[r]etirement

funds to the extent that those funds are in a fund or account that is exempt from taxation under

---

[1] Doc. Nos. 10, 13 and 17.

[2] The parties agree that this is the appropriate section for the claim of any exemption. Although Bauer currently lives in South Carolina, a state that has opted out of certain federal exemptions, he cannot claim exemptions under the laws of this state pursuant to limitations set forth in the Bankruptcy Code due to his recent move from Indiana. *See* S.C. Code Ann. § 15-41-35; *see also* 11 U.S.C. § 522(b)(3)(A).  Indiana is an "opt out" state that does not allow Bauer to claim federal exemptions but also does not allow him to claim state exemptions if he is not currently domiciled there, leaving Bauer as a debtor unable to claim an exemption  under the laws of South Carolina or Indiana, therefore federal exemptions are appropriate. *See* Ind. Code § 34-55-10-1; *see also* 11 U.S.C. § 522(b). Further, even for debtors in opt out states, an identical exemption is found in 11 U.S.C. § 522(b)(3)(C).

section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." The

parties agreed that if Trustee's Objection to Exemption is sustained the proposed Chapter 13 plan

cannot be confirmed. If the Objection is overruled the plan is confirmable.

Pursuant to 11 U.S.C. § 522(d)(12) any claimed exemption must meet the following two

requirements: (1) the amount the debtor seeks to exempt must be retirement funds; and (2) the

retirement funds must be in an account that is exempt from taxation under section 401, 403, 408,

408A, 414, 457, or 501(a) of the Internal Revenue Code. *See In re Chilton*, 674 F.3d 486 (5th

Cir. 2012) (finding that funds in an inherited IRA constituted tax-exempt "retirement funds"

based on the plain meaning of 11 U.S.C. § 522(d)(12) thereby allowing the debtor's claimed

exemption); *see also In re Nessa*, 426 B.R. 312 (8th Cir. BAP 2010) (allowing the exemption in

debtor's inherited IRA by finding the fund qualified as "retirement funds" under the plain

language of 11 U.S.C. § 522(d)(12) and was exempt from taxation pursuant to Internal Revenue

Code section 408). Here, the parties disagree regarding whether the inherited IRA should be

considered "retirement funds." Trustee asserts, relying on the recent Seventh Circuit decision *In

re Clark*, that this Court should sustain his objection because the inherited IRA "is more tax-

deferred than tax-exempt" given that "new contributions cannot be made, the funds cannot be

rolled over, and the payout must be accomplished in a relatively short period of time."[3] *See In re

Clark*, 714 F.3d 559 (7th Cir. 2013). In response, counsel for Bauer argues that the Court should

allow the exemption following the rationale in the Eighth and Fifth Circuits.

"Generally, statutes creating debtors' exemptions must be construed liberally in favor of

the debtor and the exemption." *In re Nguyen*, 211 F.3d 105, 110 (4th Cir. 2000); *see also In re

Patel*, 431 B.R. 682, 688 (Bankr. D.S.C. 2010) (citing *Hickman v. Hanover*, 33 F.2d 873, 874

---

[3] Doc. No. 17, filed May 20, 2013. Bauer's former home, Indiana, is in the Seventh Circuit. Had Bauer filed his
bankruptcy case there or if he were claiming exemptions interpreted under Seventh Circuit authority, he would have
no exemption.

2

(4th Cir. 1928)).  After a review of applicable cases, the Court finds the reasoning of the Eighth

and Fifth Circuits more persuasive.

**IT IS THEREFORE ORDERED THAT:**

1.   The Trustee's Objection is overruled and Bauer's exemption of $40,179.39 in the

    inherited IRA pursuant to 11 U.S.C. § 522(d)(12) is allowed; and

2.   Bauer's proposed Chapter 13 plan can be confirmed. A separate order will be entered.

**AND IT IS SO ORDERED.**

3